**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE MIGUEL MAYORQUIN ARIAS,<br>Petitioner,<br>v.<br>WARDEN, ADELANTO ICE PROCESSING CENTER, *et al.*,<br>Respondents. | Case No. 5:26-cv-03412-ACCV<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. RULING

Petitioner Jose Miguel Mayorquin Arias (A# 212-970-196) ("Petitioner") is a native and citizen of Mexico. (Dkt. 2 at 4–5.)[1] He is currently in U.S. Immigration and Customs Enforcement ("ICE") custody at the Adelanto ICE Processing Center. (*Id.* at 4.) In this habeas action, Petitioner claims that the Immigration Judge's ("IJ") failure to consider ability to pay and alternative conditions of release and his continued prolonged detention on an unpayable bond violates Petitioner's Fifth Amendment Due Process rights. (*Id.* at 7–10.)

[1] All citations to Petitioner's and Respondents' filings refer to the pagination numbers added to the header when docketed in the Case Management/Electronic Case File system.

For the reasons stated herein, the Court GRANTS the Petition.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico, who arrived in the United States in 2003, and has resided in here since then. (Dkt. 2 at 5.) Petitioner has two U.S. citizen children who are 12 and 17 years old. (*Id.*) Petitioner's children and spouse reside in the United States and depend on him. (*Id.*) Petitioner has no criminal history. (*Id.*)

On November 11, 2025, ICE detained Petitioner and served him with a Notice to Appear dated November 9, 2025. (*Id.*) The Notice to Appear charged Petitioner as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (*Id.*)

Petitioner applied for cancellation of removal for certain nonpermanent residents under INA § 240A(b)(1) on March 17, 2026.

At a May 14, 2026 custody redetermination hearing, the IJ ordered bond set at $85,000. (*Id.*) According to Petitioner, "[t]he order is a standard checkbox form that reflects no findings, no reasoning, and no consideration of Petitioner's ability to pay or of alternative conditions of release" and "[n]o bond memorandum has issued, and the digital audio recording of the hearing has not been made available." (*Id.*)

Petitioner alleges that he is unable to pay a $85,000 bond. (*Id.* at 6.) Prior to his detention, Petitioner was the primary earner for his household working as a machine operator and earning approximately $1,100 per week, and his family no longer has that income due to his detention. (*Id.*) Petitioner's family has $4,000 in savings, one vehicle, and a family residence that is subject to a mortgage and where his family is currently residing. (*Id.*) Petitioner alleges that the most his family can raise to post bond is $10,000 by taking out a loan. (*Id.*)

Petitioner has a stable residence and his nephew who is a U.S. citizen has

agreed to serve as his sponsor and ensure Petitioner appears at future immigration proceedings and that he complies with any conditions of release. (*Id.*) Petitioner alleges that upon his release, he will reside with his nephew for the duration of his proceedings, and that he is willing to comply with reasonable conditions of supervision such as electronic monitoring and regular ICE check-ins. (*Id.*)

Petitioner was ordered removed on June 1, 2026, by an IJ, which has been appealed. (*Id.* at 6–7.) Therefore, Petitioner does not have a final order of removal at this time and is detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 7.) Petitioner alleges that he "remains detained solely because he cannot pay the $85,000 bond. As of the filing of this Petition, he has been detained for more than seven months, and his detention will continue throughout the pendency of his BIA appeal." (*Id.*)

In the Petition, Petitioner brings two claims for relief: 1) the IJ's failure to consider ability to pay and alternative conditions of release violates his due process rights; and 2) that his continued prolonged detention on an unpayable bond violates his due process rights. (*Id.* at 7–10.) As relief, Petitioner seeks, *inter alia*, that the Court declare his continued detention and the bond determination violate the Due Process Clause and order Respondents provide him with a new bond hearing within seven days, where at the hearing, the IJ "must (i) consider Petitioner's financial ability to pay a bond, (ii) consider whether alternative conditions of release would reasonably ensure his appearance, and (iii) set bond at no greater amount than necessary to ensure his appearance[.]" (*Id.* at 11.) In the alternative, Petitioner request release on reasonable conditions of supervision.

The parties consented to the Magistrate Judge on June 26, 2026. (Dkt. 7.)

Respondents filed their Answer to the Petition on June 29, 2026, arguing that DHS has the discretionary authority to detain individuals in removal proceedings and that Petitioner's confinement does not violate his due process rights. (Dkt. 8 at 3–6.) Petitioner filed a Reply on July 1, 2026 arguing that the

Court has habeas jurisdiction and exhaustion of administrative remedies is excused, that the Petition is not moot, and that the IJ bond determinations violated his due process rights. (Dkt. 9 at 2–9.)

On August 19, 2026, the Court ordered Respondents file a transcript of the May 14, 2026 bond hearing, which Respondents lodged on August 25, 2026. (Dkts. 10; 11.)

## III. LEGAL STANDARDS

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

For exhaustion of administrative remedies, "[t]he exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative

remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies[,]'" unless exhaustion is excused. *Hernandez*, 872 F.3d at 988 (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

In constitutional challenges to an IJ's determination at a bond hearing, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id.* (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021), *aff'd sub nom. Quan v. Garland*, No. 21-15416, 2022 WL 576215 (9th Cir. Feb. 25, 2022) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). Underlying the Court's consideration is that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez*, 872 F.3d at 981. For pure questions of law, the habeas court reviews such questions *de novo*. *See Singh*, 638 F.3d at 1202–03.

## IV. DISCUSSION

Petitioner claims that the IJ's failure to consider ability to pay and alternative conditions of release and his continued prolonged detention on an

unpayable bond violates his Fifth Amendment due process rights. (Dkt. 2 at 7–10.) Below the Court first discusses the issue of mootness and administrative exhaustion before proceeding to the merits of Petitioner's claims.

**A. The Petition Is Not Moot.**

Respondents contend that "any claims based on the May 2026 bond order are moot, as Petitioner subsequently appeared on June 23, 2026, for a *Rodriguez* bond hearing." (Dkt. 8 at 5.) Respondents also assert that "DHS is exercising its statutory discretion to detain Petitioner, and he is free to renew his request for a bond hearing if she [sic] wishes to seek release." (*Id.*)

The Court disagrees. Respondents' own exhibit of the June 23, 2026 custody redetermination hearing order shows that the reasoning in the June 23, 2026 hearing relies on the May 14, 2026 hearing determination and order. (Dkt. 8-4 at 2 ("On May 14, 2026, the Court conducted an individualized bond and custody redetermination hearing in this matter . . . During the said hearing, the Court considered all arguments and evidence presented from both sides . . . Based on the record, the Court orally articulated its findings and reasons in support of its decision denying release from custody.").) The June 23, 2026 order made no new findings. (*See id.*) Thus, the Court does not see how the June 23, 2026 hearing moots issues in the May 14, 2026 order when it relies on that very reasoning. Accordingly, the Petition is not moot.

**B. Petitioner is Not Required to Administratively Exhaust His Claims.**

Respondents argue that they have discretionary authority to detain Petitioner during his pending removal proceedings and that Petitioner has not exhausted his administrative remedies. (Dkt. 8 at 3–5.) The United States Supreme Court has clarified the boundaries of judicial review in the immigration context by explaining that "[t]he application of a statutory legal standard . . . to an established set of facts is a quintessential mixed question of law and fact" and is reviewable. *Wilkinson v.*

*Garland*, 601 U.S. 209, 212, 144 S. Ct. 780, 218 L. Ed. 2d 140 (2024). Following *Wilkinson*, the Ninth Circuit has held that an immigration judge's determination that a detainee poses a danger to the community or a flight risk is a mixed question of law that may be reviewed for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024); *see also C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026) ("In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an 'abuse of discretion' standard.").

Federal courts have "habeas jurisdiction over constitutional claims or questions of law" concerning the setting of bond amounts. *See Hernandez*, 872 F.3d at 987 (quoting *Leonardo*, 646 F.3d at 1160). In the event a noncitizen is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," due process compels that the IJ consider the noncitizen's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000 (holding plaintiffs were likely to succeed on the merits of their due process claim because the government failed to require consideration of individual financial circumstances and alternatives to detention); *see also Andrades Gonzalez v. Chestnut*, No. 1:26-CV-01198-DAD-CKD, 2026 WL 473059, at *1 (E.D. Cal. Feb. 19, 2026) ("[I]f the government is setting monetary bonds to ensure appearance at future proceedings, there is no legitimate reason for it not to consider the individual's financial circumstances and alternative conditions of release." (quoting *Hernandez*, 872 F.3d at 994)).

As for exhausting administrative remedies, in *Hernandez*, the Ninth Circuit held that an administrative appellate record is not necessary to resolve the "purely legal questions" presented by this type of constitutional challenge to a detention hearing. 872 F.3d at 989. Furthermore, a noncitizen's "indeterminate" detention resulting from an IJ's failure to consider a noncitizens' financial circumstances and

alternatives to detention constitute irreparable harm. *Id.* at 994–95 ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'") (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). As other courts have noted, "Petitioner's complaint about the bond amount is a *Hernandez*-type due process claim, which the BIA presumably cannot meaningfully review." *ABDELOUAHAB BOUCHERAFA (A# XXX-XX2-192), Petitioner, v. WARDEN, MESA VERDE DETENTION FACILITY, et al., Respondents.*, No. 1:26-CV-04613 DAD SCR, 2026 WL 2390916, at *3 (E.D. Cal. Aug. 17, 2026) (citing *Garcia v. Hyde*, 817 F. Supp. 3d 112, 125–27 (D.R.I. 2025) (finding the petitioner "ultimately raises a constitutional challenge in his habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile")).

Accordingly, the Court finds that Petitioner is not required to exhaust administrative remedies.

To the extent exhaustion is required, Petitioner argues that exhaustion should be waived because Petitioner's claims are constitutional, based on a constitutionally deficient bond hearing, and that "requiring further administrative process would prolong the very detention at issue." (Dkt. 2 at 4.) Specifically, Petitioner alleges that he is not requesting a review of the IJ's discretionary judgment and instead "claims that the process omitted a constitutionally required consideration[.]" (Dkt. 9 at 3.) Petitioner further argues that "the BIA does not decide the ability-to-pay question even when it is squarely presented." (*Id.* at 4.) Petitioner further contends that "[t]he record confirms futility in this very case. After the Petition was filed, the Immigration Judge held another hearing on June 23, 2026, and again denied release by bare checkbox order—with no findings, no memorandum, and nothing indicating that ability to pay or alternative conditions were considered." (*Id.*) Petitioner contends that given the IJ's failure to consider

ability to pay twice, requiring exhaustion would "[c]ompel[] Petitioner to keep cycling through a process that will not reach his claim, while he remains detained, [which] is the very definition of futility and irreparable." (*Id.*)

The Court agrees with Petitioner. Petitioner has satisfied his burden to show that he will suffer irreparable harm every day that he remains in custody based on a bond hearing that did not comply with due process. *See, e.g.*, *Aslan v. Semaia*, No. 5:26-CV-02347-MAR, 2026 WL 1722902, at *3 (C.D. Cal. June 11, 2026); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095 (E.D. Cal. 2025) (same). Petitioner is the primary provider for his spouse and two minor children. Additionally, although some of the effects of detention on Petitioner may be "the same type of harm any person who is detained may suffer, they are [nonetheless] irreparable in nature." *Lopez Reyes v. Bonnar*, No. 18-CV-07429-SK, 2018 WL 7474861, at *7 (N.D. Cal. Dec. 24, 2018). Even if the BIA were to ultimately reverse the IJ's bond decision, it could not afford Petitioner an adequate administrative remedy for his prolonged detention, where he has now been detained for over nine months. *See Aslan*, 2026 WL 1722902, at *3.

Even if administrative exhaustion were applicable, Respondents' own arguments highlight the futility. Respondents' argue that "any claims based on the May 2026 bond order are moot, as Petitioner subsequently appeared on June 23, 2026," and follow that argument by declaring that "Petitioner remains free to request a bond hearing before an Immigration Judge to seek release from immigration detention pending the resolution of his appeal of his removal order to the BIA." (Dkt. 8 at 5.) In effect, Respondents state that Petitioner can exercise his right to request a new bond hearing to address the deficiencies in the prior bond hearing, but then that new bond hearing would moot the deficiencies identified by Petitioner is his previous bond hearing, even if that new bond hearing relied on the decisions of the prior bond hearing. Thus, Petitioner would be stuck in a loop with

no way to seek redress for violations of his constitutional rights.

Accordingly, Petitioner is not required to administratively exhaust his claims, and even if he were, on this record, Petitioner has demonstrated that waiver is appropriate in this case.

**C. The May 14, 2026 Bond Hearing Failed to Comply with Due Process.**

Here, the May 14, 2026 order fails to include any explanation of the reasons for the IJ's decision to set bond at $85,000. (Dkt. 2 at 14.) The order does not include any other explanation, analysis, or findings regarding the bond amount. (*Id.*) After Respondents lodged the May 14, 2026 hearing transcript pursuant to the Court's order, the transcript reveals no further explanation, analysis, or findings regarding consideration of Petitioner's ability to pay the $85,000 bond amount. (*See generally* Dkt. 11-1.) The IJ stated "[t]he court will set a bond in this case to ameliorate the likelihood to abscond. That amount will be of $85,000, with alternatives to detention at DHS discretion." (*Id.* at 11.) Nowhere in the transcript does it appear that the IJ considered whether Petitioner was able to pay the bond. (*See generally id.*)

Therefore, the IJ failed to comply with *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). The same is true when the IJ in the June 23, 2026 hearing relied on the May 14, 2026 order. (Dkt. 8-4 at 2.) The Court also notes that the June 23, 2026 order states "[b]ased on the record, the Court orally articulated its findings and reasons in support of its *decision denying release* from custody." (*Id.* at 4 (emphasis added).) This inaccurate portrayal of the IJ's May 14, 2026 order and decision further raises questions as to the constitutional sufficiency of Petitioner's bond hearings.

"[T]he government's purpose in conditioning release on the posting of a bond in a certain amount is to 'provide enough incentive' for released detainees to appear in the future[.]" *Hernandez*, 872 F.3d at 991. "Without meaningfully

considering whether Petitioner has the financial ability to pay bond or alternatives to detention, 'the government has no way of knowing if the detention that results from failing to post a bond in the required amount is reasonably related to achieving that interest.'" *ABDELOUAHAB BOUCHERAFA (A# XXX-XX2-192), Petitioner*, 2026 WL 2390916, at *3–4 (quoting *Hernandez*, 872 F.3d at 993).

For the foregoing reasons, the Court concludes that Petitioner has met his burden of showing that the May 14, 2026 bond hearing failed to comply with due process and Petitioner is entitled to receive a bond hearing where an IJ meaningfully considers his financial ability to pay a bond and alternatives to detention, in a manner consistent with *Hernandez*.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to provide Petitioner Jose Miguel Mayorquin Arias (A# 212-970-196) an individualized bond hearing before an immigration judge within seven (7) days or otherwise release Petitioner from custody on reasonable conditions of supervision. The immigration judge shall meaningfully consider Petitioner's financial ability to pay bond and alternative conditions of release; and

(2) Respondents to file a statement with the Court within three days from the date of the bond hearing, attesting to Respondents' compliance with this Order.

DATED: August 28, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge